**MAISONETTE APARTMENTS, INC.**

v.

**GOVERNMENT OF the VIRGIN IS- LANDS, A. J. Prendergast, Chairman, Industrial Incentive Board, and Reuben A. Wheatley, Commissioner of Finance.**

**Civ. No. 181-1967.**

District Court, Virgin Islands,
D. St. Croix,
at Christiansted.

June 7, 1968.

John D. Merwin, Frederiksted, Virgin Islands, for plaintiff.

Peter J. O'Dea, Charlotte Amalie, Virgin Islands, for the Government.

## OPINION

MARIS, Circuit Judge.

This is a suit by the plaintiff, the owner of an apartment house in Christiansted, St. Croix, to recover industrial subsidies alleged to be due it for the taxable year ended May 31, 1966, pursuant to a certificate of tax exemption and subsidy issued to it by the Acting Governor of the Virgin Islands on August 28, 1964. The defendant's answer asserts that the grant of subsidies was ineffective because the Industrial Incentive Act which was in effect on August 28, 1964 made no provision for the grant of subsidies for the construction or operation of apartment houses for rental.

From the pleadings and evidence the following facts are found:

On December 29, 1961, the plaintiff filed with the Virgin Islands Tax Exemption Board an application for tax exemption and subsidies pursuant to the Act of July 5, 1957, No. 224, covering the construction and operation of an apartment house in Christiansted, St. Croix. On April 10, 1962 a public hearing was held by the Board at which no objection to the plaintiff's application was made.

The Board and its administrative officer assumed that, although the Act of November 3, 1961, No. 798, 33 V.I.C. § 4001 et seq., had taken effect on January 1, 1962, the plaintiff's application was to be considered and acted upon under the terms of the Act of July 5, 1957, No. 224, and they encouraged and gave assurances to the plaintiff that if its apartment house was completed the tax exemption and subsidies for which it had applied would be granted. Relying, at least in part, upon its expectation of receiving the tax exemption and subsidies for which it had applied the plaintiff completed its apartment house project at a cost of approximately $198,000.00.

On August 28, 1964 the plaintiff was awarded by the Acting Governor of the Virgin Islands upon the recommendation of the Board a certificate of tax exemption and subsidies under the Act of July 3, 1957, No. 224, for a period of ten years from December 29, 1961, covering the construction of its apartment house. Thereafter the plaintiff received the benefits of the certificate of tax exemption and subsidies up to and including the tax year ending May 31, 1965. The defendants denied these benefits to the plaintiff for the tax year ended May 31, 1966, however, and the present suit was brought to recover them.

The question of law which the case presents is whether the grant of tax exemption and subsidies which the Board recommended and the Acting Governor made to the plaintiff on August 28, 1964 was valid and effective to confer upon the plaintiff a right to the subsidies in suit. This question must be answered in the negative upon the authority of Pentheny Ltd. v. Government of the Virgin Islands, 3 Cir. 1966, 360 F.2d 786, 5 V.I. 575, and In Re Hooper's Estate, 3 Cir. 1966, 359 F.2d 569, 5 V.I. 518.

The Act of July 5, 1957, No. 224, under which the plaintiff's application was filed, and which authorized the grant of tax exemption and subsidies in respect to the business of constituting or operating apartment houses, inter alia, was repealed and superseded as of January 1, 1962 by the Act of November 3, 1961, No. 798, which did not include this business among those for which tax exemption and subsidies might be granted. By this repeal, as was held by the Court of Appeals in the Pentheny Ltd. case, the Board of Tax Review (Tax Exemption Board) and the Governor lost their former power to recommend and authorize, respectively, the grant of any benefits with respect to a business which had been included in the Act of 1957 but which the Legislature had eliminated from the benefits accorded by the Act of 1961. The constructing or operating of apartment houses was one of the businesses thus eliminated. It is settled by the Pentheny Ltd. case that the mere filing of an application on December 29, 1961 while the Act of 1957 was still in force, gave the plaintiff no vested right to receive benefits which the Legislature could not take away. It follows that it

was beyond the power of the Board to recommend and of the Acting Governor to grant tax exemption and subsidies to the plaintiff in August 1964 with respect to the business of constructing or operating apartment houses. The certificate issued by the Acting Governor accordingly was of no legal effect and conferred no rights upon the plaintiff.

■ The plaintiff urges that the Pentheny Ltd. case is distinguishable because here, contrary to the facts in that case, a public hearing was held by the Board on the plaintiff's application at which no objections were entered, the plaintiff invested $198,000.00 in its apartment house project, the investment was made upon the assurance of the defendants that tax exemption and subsidies would be granted to it, a grant of tax exemption and subsidies was actually awarded to it, and subsidies were actually paid to it for the taxable year ended May 31, 1965. I am satisfied, however, that the existence of these facts, however appealing, does not take the case out of the rule laid down in the Pentheny Ltd. and Hooper cases. For those cases make it clear that an applicant for a grant of tax exemption and subsidies does not acquire any enforceable right to them until his application has been approved by the Governor acting under valid and existing statutory authority and a certificate granting the exemption and subsidies has been issued to him. Here this did not and could not happen because of the repeal of the Act of 1957.

■■ The plaintiff urges nonetheless that it relied in building its apartment house upon the assurances of the defendants that tax exemption and subsidies would be granted to it if it completed its project, and that the defendants are accordingly estopped to deny the validity of their action. It is settled, however, that the Government cannot be estopped by reason of such unauthorized action of its agents. As the Court of Appeals said in Re Hooper's Estate, 3 Cir. 1966, 359 F.2d 569, 577, 5 V.I. 518, 533, "The Government is neither bound nor es-

topped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit."

I conclude that the purported grant of tax exemption and subsidies by the Acting Governor to the plaintiff on August 28, 1964 did not create an enforceable contract between the Government and the plaintiff under 33 V.I.C. § 4001(b) as amended and revised by the Act of November 3, 1961, No. 798, the statute in force when it was made, but was void and of no effect and that the plaintiff is, therefore, not entitled thereunder to the subsidies for the taxable year ended May 31, 1966 for which it has brought the present suit.

A judgment will be entered dismissing the suit with costs but without an award of counsel fees.