**TRACY LEIGH DEVELOPMENT CORPORATION, Plaintiff**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 547-1971

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 16, 1973

CHARLES S. WAGGONER, II, ESQ., St. Thomas, V.I., *for plaintiff*

ATTORNEY GENERAL of the Virgin Islands, St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

OPINION

This matter has been submitted to the court for decision upon the parties' written stipulation of facts and briefs. Accordingly, the factual background will receive only brief treatment herein, as may be necessary. The stipulation of facts is, by this reference, incorporated in this Opinion.

On October 26, 1967, plaintiff corporation filed an application for a grant of tax and fee exemptions and subsidies under the Industrial Incentive Program, in connection with its proposed construction of condominium units. A public hearing on the said application was held December 14, 1967. The Industrial Incentive Board approved the grant of tax and fee exemption and subsidies on February 11, 1969, and on that very day, in a flurry of official acts, Governor Ralph M. Paiewonsky, on the eve of his departure from office, approved and signed the said grant for a 10-year period commencing October 26, 1967. The condominiums, the first to be built in the Virgin Islands, were constructed and sold, but the government has refused to honor the grant as to either income tax subsidies or property tax exemption.

Defendant's objection to the grant, as articulated in the stipulation and in its brief, is that the grant violated the terms of the authorizing statute because it purported to exempt, from taxation, construction and sale of condominium units, rather than "ownership" as provided in the act. The government concedes that in all other respects,

plaintiff fully met the requirements of the then applicable law.

Title 33, V.I.C., § 4041, as amended on September 25, 1967, by Act No. 2062, Session Laws of the Virgin Islands, 1967, provided in pertinent part:

"A person, firm, or corporation engaged in or about to engage in an industrial or business activity in the Virgin Islands, which industrial or business activity, in the judgment of the Governor of the Virgin Islands, will promote the public interest by economic development of the Virgin Islands, may apply for the same [tax exemption], if such person, firm, or corporation meets the following requirements:

. . . (3) undertakes to invest in an industry or business in the Virgin Islands. . . .

(B) at least $75,000 in the establishment of a business engaged in the ownership of housing projects . . . , factories, industrial plants, or commercial warehouses, industrial parks, condominium as defined in Chap. 33, Title 28, V.I.C., for the occupancy of others, including the actual construction of such housing projects, factories, industrial plants or commercial warehouses, industrial parks when such construction is engaged in by the owner."

Plaintiff argues that the omission of condominiums from the last clause in subsection (B), relating to construction, "is an obvious drafting oversight which can be corrected by the court through statutory construction". It may very well be that the amendment was not carefully and artfully drawn, and its imprecision appears vividly, when one contrasts this amendment with its predecessor, enacted a few months earlier. The September amendment, Act 2062, modified the definition of "housing projects" and added commercial warehouses, industrial parks and condominiums to § 4041, but it muddied the reference of the clause "for the occupancy of others", which in the latter version would appear to modify only condominiums, but in the former section, Act 2028, clearly referred to all the enterprises named in the subsection. A second variation, and

the source of the instant controversy, is a change in the clause which brings construction within the activities subject to exemption. Act 2028 after listing the eligible enterprises, specifically appended the phrase "including the construction or operation of the same when such construction or operation is. engaged in by the owner". Act 2062 expanded the list of eligible activities, and modified the closing language to read "including the actual construction of such housing projects, factories, industrial plants or commercial warehouses, industrial parks when such construction is engaged in by the owner". The decision to enumerate the projects as to which construction was exemptible, rather than retain the earlier inclusive reference to "the same", may or may not have been intended to permit exclusion of the sole business otherwise within the terms of the subsection. Plaintiff insists that the omission was an "obvious drafting oversight", but the election to employ the more cumbersome method of reciting each activity rather than retaining the simple all-inclusive rhetorical device in the earlier amendment renders Tracy Leigh's explanation less than obvious.

 Plaintiff vehemently urges that this court, under the aegis of statutory interpretation, has the power to correct blatant errors in legislation in order to work conformity between the terms of the statute and the clear legislative intent. No legislative history supporting this proposition is offered by plaintiff. (A thorough and determined search by the court failed to uncover legislative debate or proceedings.) Rather, Tracy Leigh relies on what it conceives to be inherent contradiction between expressed legislative purpose and the language in question. The intent and plan of this legislation, as enunciated in § 4001(a) is "to promote the economic development of the Virgin Islands" and tax exemptions are to be "made available for the promotion of such industrial or business

activities as may be determined will promote the public interest by economic development of the Virgin Islands". It is this legislative design which Tracy Leigh conceives to be shattered by a literal reading of § 4041(a)(3)(B). In reaching this conclusion plaintiff, of necessity, travels a path of reasoning I decline to follow. Tracy Leigh must postulate that no rational basis exists for differentiating the impact of construction of commercial and industrial facilities, and low cost housing projects, from private condominiums, upon the economic development of the Virgin Islands. Whether or not such a distinction is valid, I cannot find, as a matter of fact or law, that the legislature in enacting Act 2062 could not have had such a demarcation in mind, and accordingly, I am regrettably unable to find that the omission was the result of a drafting oversight.

■ Moreover, were I persuaded that such an error had occurred, I cannot agree that I hold the broad authority to amend legislation which plaintiff would confer upon me. The Supreme Court of the United States, confronted with similar invitations to revise allegedly mis-drafted laws, has declined the bidding. Simple prudence dictates that I follow suit. In Iselin v. U.S., 270 U.S. 245 (1925), the High Court refused to extend the language of a statute, noting that because the legislative language was particular rather than general, it was not susceptible of extension by implication. The court said: "The statute was evidently drawn with care. Its language is plain and unambiguous. What the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function", (at p. 250–251). Accord, 62 Cases of Jam v. U.S., 340 U.S. 593 (1951);

Hoffman v. Joint Council of Teamsters No. 38, 230 F.Supp. 684 (N.D. Cal. 1962).

■ Plaintiff's appeal to this court to fill the gap in the section through legislative construction, in conformity with the contemporary executive interpretation, alluring as it manifestly is, will fare no better than its other adjuration. Though sorely tempted I will not yield to what I apprehend would be grave judicial transgression. As another district court stated,

Courts are not at liberty to amend or repeal a statute under a guise of construction, nor is it within the judicial function of a court to supply omissions in a statute, even though that which was omitted may have been omitted by oversight or inadvertence", In re Shear, 139 F.Supp. 217, 221 (N.D. Cal. 1956).

■ On the foregoing authorities, I conclude that plaintiff's grant of tax exemptions and subsidies was clearly an act unauthorized by the law upon which it was predicated. Tracy Leigh strongly contends that the government is nonetheless bound either on a theory of contract or estoppel, but both of these contentions have already been considered in this context and soundly disapproved by this court. Maisonette Apts., Inc. v. Government, 6 V.I. 76 (1968); In re Hooper's Estate, 5 V.I. 518, 359 F.2d 569 (1966).

The grant of tax and fee exemptions and subsidies to TRACY LEIGH DEVELOPMENT CORPORATION, dated February 11, 1969, is void, of no legal effect, and conferred no rights upon that corporation. Let Judgment enter dismissing plaintiff's complaint.